1

2

3

4

5

6

7

8                                      UNITED STATES DISTRICT COURT

9                                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DEMAS RUBINO,                                    No.  2:23-cv-0122 DJC DB PS

12                    Plaintiff,

13           v.                                        ORDER AND

14   NATIONAL RAILROAD PASSENGER                       FINDINGS AND RECOMMENDATIONS
     CORPORATION,
15

16                    Defendant,

17

18           Plaintiff Demas Rubino is proceeding in this action pro se.  This matter was referred to the

19   undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  On April 26,

20   2023, the undersigned issued an order setting this matter for a Status (Pretrial Scheduling)

21   Conference on June 16, 2023.  (ECF No. 30.)  Pursuant to that order plaintiff was to file a status

22   report on or before June 2, 2023.  Plaintiff, however, failed to file a timely status report.

23           Accordingly, on June 13, 2023, the undersigned issued an order to show cause, ordering

24   plaintiff to show cause in writing within fourteen days as to why this action should not be

25   dismissed for lack of prosecution.  (ECF No. 33.)  The order also continued the Status (Pretrial

26   Scheduling) Conference to July 28, 2023, and ordered plaintiff to file a status report on or before

27   July 14, 2023.  (Id. at 2.)  Plaintiff was warned that the failure to timely comply with that order

28   could result in a recommendation that this case be dismissed.  (Id.)  On June 28, 2023, plaintiff

filed a document stating that plaintiff "just received my paper work on June 26, 2023," and "I see here I have until July 14, 2023 for a status report." (ECF No. 26 at 1.) Nonetheless, the time provided plaintiff has expired and plaintiff has not filed the required status report or shown cause as to why this action should not be dismissed.

ANALYSIS

The factors to be weighed in determining whether to dismiss a case for lack of prosecution are as follows: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. Hernandez v. City of El Monte, 138 F.3d 393, 398 (9th Cir. 1998); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988). Dismissal is a harsh penalty that should be imposed only in extreme circumstances. Hernandez, 138 F.3d at 398; Ferdik, 963 F.2d at 1260.

Failure of a party to comply with the any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. Any individual representing himself or herself without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law. Local Rule 183(a). A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules. Id.

Here, plaintiff has failed to respond to multiple orders of the court. Plaintiff was warned that the failure to file a written response could result in a recommendation that this matter be dismissed. In this regard, plaintiff's lack of prosecution of this case renders the imposition of monetary sanctions futile. Moreover, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendant all support the imposition of the sanction of dismissal. Only the public policy favoring disposition on the merits counsels against dismissal. However, plaintiff's failure to prosecute the action in any way makes disposition on the merits an impossibility. The undersigned will therefore recommend that this

1   action be dismissed due to plaintiff's failure to prosecute as well as plaintiff's failure to comply

2   with the Court's orders.  See Fed. R. Civ. P. 41(b).

3          Accordingly, IT IS HEREBY ORDERED that the July 28, 2023 Status (Pretrial

4   Scheduling) Conference is vacated.

5          Also, IT IS HEREBY RECOMMENDED that:

6          1.  Plaintiff's complaint filed July 6, 2022 (ECF No. 1) be dismissed without prejudice;

7   and

8          2.  This action be closed.

9          These findings and recommendations are submitted to the United States District Judge

10  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

11  after being served with these findings and recommendations, any party may file written

12  objections with the court and serve a copy on all parties.  Such a document should be captioned

13  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

14  shall be served and filed within fourteen days after service of the objections.  The parties are

15  advised that failure to file objections within the specified time may waive the right to appeal the

16  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17  Dated:  July 25, 2023

18

19

20                                      DEBORAH BARNES
                                        UNITED STATES MAGISTRATE JUDGE
21

22

23  DLB:6
    DB/orders/orders.pro se/rubino0122.dlop.f&rs

24

25

26

27

28

                                        3