UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEMAS RUBINO,

Plaintiff,

v.

NATIONAL RAILROAD PASSENGER CORPORATION,

Defendant,

No. 2:23-cv-0122 DJC DB PS

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff Demas Rubino is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On April 14, 2023, the undersigned issued an order setting this matter for a Status (Pretrial Scheduling) Conference on May 26, 2023. (ECF No. 28.)

On April 19, 2023, plaintiff filed a request to continue the status conference so that plaintiff could obtain counsel. (ECF No. 29.) The undersigned granted that request, continued the status conference to May 26, 2023, and ordered plaintiff file a status report on or before July 14, 2023. (ECF No. 30.) Plaintiff failed to file a status report.

Accordingly, on June 13, 2023, the undersigned issued an order to show cause, ordering plaintiff to show cause in writing within fourteen days as to why this action should not be dismissed for lack of prosecution. (ECF No. 33.) The order also continued the Status (Pretrial

Scheduling) Conference to July 28, 2023, and ordered plaintiff to file a status report on or before July 14, 2023. (Id. at 2.) Plaintiff was warned that the failure to timely comply with that order could result in a recommendation that this case be dismissed. (Id.)

On June 28, 2023, plaintiff filed a document stating that plaintiff "just received my paper work on June 26, 2023," and "I see here I have until July 14, 2023 for a status report." (ECF No. 26 at 1.) Plaintiff, however, again failed to file the required status report or show cause as to why this action should not be dismissed.

As a result, on July 25, 2023, the undersigned issued findings and recommendations recommending that this action be dismissed due to plaintiff's failure to file a status report and failure to respond to court orders. (ECF No. 38.) On August 9, 2023, plaintiff filed a response stating that plaintiff's failure to act was because "mail was lost." (ECF No. 40 at 1.) On September 21, 2023, defendant filed a statement stating that plaintiff had contacted defendant, plaintiff stated that plaintiff had "suffered a major head injury" and "had not been able to obtain legal counsel." (ECF No. 42 at 2.)

Accordingly on October 5, 2023, the undersigned issued an order vacating the July 25, 2023 findings and recommendations and ordering plaintiff to file a status report on or before October 27, 2023. (ECF No. 43.) Yet again, plaintiff did not file a status report. Instead, on October 30, 2023, plaintiff filed a single-sentence document stating, "This is a request for motion of extension." (ECF No. 45 at 1.) The docket reflects no activity by plaintiff since that filing.

## ANALYSIS

The factors to be weighed in determining whether to dismiss a case for lack of prosecution are as follows: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. Hernandez v. City of El Monte, 138 F.3d 393, 398 (9th Cir. 1998); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988). Dismissal is a harsh penalty that should be imposed only in extreme circumstances. Hernandez, 138 F.3d at 398; Ferdik, 963 F.2d at 1260.

Failure of a party to comply with the any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. Any individual representing himself or herself without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law. Local Rule 183(a). A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules. Id.

Here, plaintiff has repeatedly failed to respond to orders of the court. Plaintiff was warned that the failure to file a written response could result in a recommendation that this matter be dismissed. In this regard, plaintiff's lack of prosecution of this case renders the imposition of monetary sanctions futile. Moreover, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendant all support the imposition of the sanction of dismissal. Only the public policy favoring disposition on the merits counsels against dismissal. However, plaintiff's failure to prosecute the action in any way makes disposition on the merits an impossibility.

The undersigned will therefore recommend that this action be dismissed due to plaintiff's failure to prosecute as well as plaintiff's failure to comply with the court's orders. See Fed. R. Civ. P. 41(b). The undersigned anticipates that in response to these findings and recommendations plaintiff may file a further request for an extension of time. Plaintiff is advised that the undersigned does not intend to grant any such request. While the undersigned is cognizant of the challenges faced by pro se litigants generally, and plaintiff's injury specifically, plaintiff has failed to prosecute this action repeatedly and for a considerable length of time.

Accordingly, IT IS HEREBY ORDERED that plaintiff's October 30, 2023 motion for an extension of time (ECF No. 45) is denied.

////

////

////

////

Also, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's complaint filed July 6, 2022 (ECF No. 1) be dismissed without prejudice; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 12, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/rubino0122.dlop.f&rs